60 F.3d 841
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Jessie J. JENKINS, a/k/a Clarence Duke McGann, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 95-5087.
 United States Court of Appeals, Federal Circuit.
 June 15, 1995.
 
 Before MAYER, Circuit Judge, COWEN, Senior Circuit Judge, and LOURIE, Circuit Judge.
 ON MOTION
 ORDER
 MAYER, Circuit Judge.
 
 
 1
 The United States moves for a summary affirmance of the Court of Federal Claims' judgment dismissing the complaint of Jessie J. Jenkins, a/k/a Clarence Duke McGann, for lack of jurisdiction. Jenkins submits an opposition three days out of time. We, sua sponte, grant Jenkins an extension of time to file an opposition.
 
 
 2
 On March 2, 1995, the Court of Federal Claims dismissed Jenkins' complaint for lack of subject matter jurisdiction, stating:
 
 
 3
 Plaintiff seeks monetary damages of $ 300 to recover a docketing fee paid to the Clerk of the United States Supreme Court. We dismiss the complaint for lack of jurisdiction.
 
 
 4
 Plaintiff initiated a civil rights action against the Clerk of the United States Supreme Court alleging denial of due process because the Clerk failed to file plaintiff's reply brief on a writ of certiorari. The district court dismissed the civil rights claim, the court of appeals affirmed, and the Supreme Court denied certiorari.
 
 
 5
 We cannot award damages for violations of due process. This court hears complaints based on a provision of the Constitution, a statute, an Executive Order, or a regulation that confers a substantive right to recover money damages from the United States. The Due Process Clause does not "in itself obligate the Federal Government to pay money damages." Walton v. United States, 213 Ct.Cl. 755, 757 (1977).
 
 
 6
 Plaintiff argues that the Rules of the Supreme Court create an implied contract that was breached by the Clerk's actions. No contract arises in this situation. See City of El Centro v. United States, 922 F.2d 816 (Fed. Cir. 1990), cert. denied, 111 S. Ct. 2851 (1991).
 
 
 7
 The United States moves for summary affirmance.
 
 
 8
 Summary disposition of a case "is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994). In the present case, it is clear that summary disposition is warranted. The Court of Federal Claims does not have jurisdiction over claims that allege a violation of rights under the Due Process Clause because such claims do not mandate payment of money by the government. LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995). Further, the trial court correctly held that no implied contract existed.*
 
 
 9
 Accordingly,
 
 IT IS ORDERED THAT:
 
 10
 (1) The United States' motion for summary affirmance is granted.
 
 
 11
 (2) Each side shall bear its own costs.
 
 
 
 *
 An implied-in-fact contract requires findings of (1) mutuality of intent to contract; (2) consideration; (3) lack of ambiguity in offer and acceptance; and when the United States is a party, (4) the government representative whose conduct is relied upon must have actual authority to bind the government in contract. See City of El Centro v. United States, 922 F.2d 816, 820 (Fed. Cir. 1990). Clearly, none of those elements is present here